## LYONS v. MAGEE TRUCK LINES, Inc., et al.

### No. 16937.

Court of Appeal of Louisiana. Orleans.

March 10, 1941.

Rehearing Denied April 7, 1941.

Manuel I. Fisher, of New Orleans, for appellant.

Posey R. Bowers, of New Orleans, for appellees.

McCALEB, Judge.

This is a suit for damages for the personal injuries received by the plaintiff, a colored man named Charles Lyons, in an intersectional collision which occurred on December 19, 1936, between a small truck owned and operated by one Percy Johnson, in which plaintiff was a passenger, and a large five-ton truck and trailer of Magee Truck Lines, Inc., at the corner of LaSalle and Terpsichore Streets in the City of New Orleans. Plaintiff has made as defendants to the action Magee Truck Lines, Inc., and its employee and operator of the truck, Wilmer Garrison. He charges that the truck in which he was riding had pre-empted the intersection when the large truck with trailer, which was being operated at a fast rate of speed, ran into the right side and center thereof.

The defendants deny any and all negligence on their part and they allege that the accident occurred solely through the fault of Percy Johnson, the driver of the small truck. They assert that Garrison was driving the large truck at a slow rate of speed on Terpsichore Street; that, upon reaching the intersection of LaSalle Street, he slowed down to five miles per hour; that he entered the intersection and was about three-quarters across it when the truck driven by Percy Johnson, which was traveling at a high rate of speed down LaSalle Street, crashed into the left side of the trailer. The defendants further plead that Percy Johnson and the occupants of the small truck were under the influence of liquor at the time of the accident and it is alleged, in the alternative, that, should the court find that Garrison was guilty of fault in any particular, then plaintiff was contributorily negligent, in that he rode in the Johnson truck when he knew that Johnson was unable to drive safely because he was under the influence of intoxicating liquor.

The case proceeded to trial in the lower court on the foregoing issues and the district judge, after hearing the evidence, found for the defendants and dismissed the plaintiff's suit. Plaintiff has appealed from the adverse decision.

The case involves solely questions of fact. A review of the record shows that the evidence presented by the litigants is in hopeless conflict and it therefore becomes necessary that we set forth the respective versions of the participants in the accident so that we may discern wherein the truth lies.

The accident occurred on December 19, 1936, between 7 and 7:30 p. m. at the corner of LaSalle and Terpsichore Streets. These streets are both two-way paved thoroughfares, which intersect each other at right angles. Percy Johnson was driving his small truck on LaSalle Street in the direction of Canal Street, and Garrison was driving the large truck with trailer on Terpsichore Street in the direction of Lake Pontchartrain. The Johnson truck had two passengers—the plaintiff, who was seated on a box on the right-hand side in the rear

of the truck, and one Willie Harper, another colored man who was seated on the left side in the rear of the truck. The truck and trailer of the defendants, which was driven by Garrison, had no passengers.

Johnson's version of the accident is as follows: That he was traveling on LaSalle Street at a slow rate of speed; that, when he approached the intersection and had slowed down to eight miles per hour, he saw a big truck proceeding out Terpsichore Street and approaching the intersection from his right about 90 feet from him; that he pre-empted the crossing and had almost traversed it when the large truck came into the intersection at a fast rate of speed, striking the right side of his truck and knocking it to the left so that, when it came to rest some 50 feet from the point of collision, it was facing out Terpsichore Street in the same direction in which the large truck had been traveling. He further says that Lyons received personal injuries as a result of the impact and that he left the scene shortly after the collision in order to take Lyons to his home.

Johnson's testimony, with respect to the manner in which the accident occurred, is corroborated by the evidence of the plaintiff and Harper who were passengers in the rear of the small truck. His statement is likewise supported by the testimony of another colored man named A. C. Williams who says that he was standing on the uptown riverside corner of the intersection at the time of the occurrence and that he saw the big truck strike the small truck at a time when the small truck had almost passed over the crossing.

The only eyewitness to the accident produced by the defendants was Garrison, the driver of the large truck. His version of the accident cannot be reconciled with that of plaintiff and his witnesses and it portrays an entirely different state of facts. Garrison says that he was driving the large truck with trailer attached on Terpsichore Street at a speed of about 20 miles per hour; that, when he was about ten or twenty yards from the entrance of the intersection, he retarded his speed to between five and ten miles per hour; that he looked for traffic proceeding on LaSalle Street and, upon observing that the intersection was clear, he continued into the crossing and that the body of the truck had already passed over the intersection when the Johnson truck, which was being operated at a fast rate of speed, struck the left side of his trailer which was proceeding over the crossing at the time. He further says that, when he entered the intersection, he had placed his truck in second gear; that he was going slowly; that the lights of the truck and trailer were burning and that, as soon as his trailer was struck by the Johnson truck, he brought the vehicle to a stop about nine yards from the point of contact. He asserts that he got out of his truck immediately after the accident and asked the negroes if any of them were hurt; that they replied that they were not; that he smelled liquor on their breaths; that he went to the grocery store situated on the corner where he reported the accident to his employer and from there he went to the nearest precinct station where he reported the occurrence to the police and that, when he returned with the police, Johnson and the other two negroes had left the scene of the accident.

In corroboration of Garrison's testimony, the defendants produced Police Officer Joffrion, who testified that Garrison came to the Twelfth Precinct Station on the night of the accident and reported the collision; that he and Officer David immediately went to the scene of the accident where he saw the large truck and trailer on Terpsichore Street just past the LaSalle Street intersection facing towards the lake; that Johnson and the occupants of the small truck had left the scene; that he made an investigation and that he was unable to locate Johnson until sometime later. He further says that he noticed marks on the left-hand side of the large truck indicating the point at which it had been struck but that he did not see any marks on the trailer.

It was on the foregoing evidence that the district judge resolved that the version given by Garrison was correct and that the accident occurred solely through the negligence of Johnson, the owner and operator of the small truck. In his written reasons for judgment, the judge remarks that he is not impressed with the testimony of plaintiff and and his witnesses and that he believes that their evidence is false.

An examination of the transcript not only convinces us that there is no manifest error in the findings of our brother below but that his conclusions are supported by the physical facts of the case. The physical facts show that, after the accident, the large truck was a short distance from

the intersection headed in the direction in which it had been traveling and that it bore marks on its left side exhibiting the point of contact between it and the smaller vehicle. Under these circumstances, it is impossible for us to accept the version of the accident given by the plaintiff and his witnesses for they would have us believe that the Johnson truck had pre-empted the intersection when it was struck on its right side by the large truck and that it was knocked completely away from the direction in which it had been traveling and came to rest in Terpsichore Street in a position nearly parallel to the large truck. If the accident had happened in the manner described by them, the blow received by the small truck would have been so violent as to practically demolish it and it is doubtful whether the plaintiff or any of his witnesses would have been alive to tell the tale.

We prefer to accept the statement of Garrison as it strikes us as being more plausible that the large truck had pre-empted the crossing and that Johnson, without keeping a proper lookout, came into the intersection unaware of the presence of the large vehicle. It is also apparent from the position of the vehicles after the accident that Johnson, when confronted with the emergency in which he had placed himself, swerved his truck to the left in order to avoid a collision but to no avail as he did not notice the large truck until it was too late to avert striking it. We are also inclined to believe that, in spite of the abject denial of plaintiff and his witnesses that he and the occupants of the Johnson truck had been drinking, Garrison's statement that he smelled liquor on their breaths has foundation in fact.

It is true that the plaintiff has, in addition to his other witnesses, produced the witness Williams who is supposed to have been handily present on the corner at the moment of the occurrence and who says that he saw the accident. But we are not impressed with Williams' testimony and we entertain some doubt as to whether he actually witnessed the collision.

Counsel for plaintiff, in argument and in brief, maintains that the decision of the lower court should be reversed because Garrison, in answer to a question on direct examination, said that he came into the intersection at 25 or 30 miles per hour. This statement of Garrison, however, must be considered in connection with the balance of his testimony which shows that he entered the crossing in second gear and at a slow speed. It is evident to us that Garrison either misunderstood the question propounded to him or that the stenographer made a typographical error in transcribing his notes.

Counsel for plaintiff also criticizes the testimony of Garrison with respect to his assertion that the Johnson truck struck the trailer of the large truck. It is said that his evidence on this score is refuted by the other defense witness, Police Officer Joffrion, who stated that he did not find any marks on the trailer but that the marks were on the left side of the cab of the truck. We do not regard this discrepancy in the defense testimony of material importance and it does not, in our judgment, affect the credibility of Garrison's statement.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.